UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SEIBERLICH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>AL LUEBBERS, )<br>)<br>Respondent. ) | Case No. 4:08CV687RWS/MLM |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the court is the Petition Under 28 U.S.C. § 2254 by a Person in State Custody filed by Petitioner William Seiberlich ("Petitioner"). Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 4. Petitioner filed a Traverse. Doc. 7. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 2.

**I.**
**BACKGROUND**

On April 13, 2000, in Case No. 99CR-2814, Petitioner pled guilty in the Circuit Court for St. Louis County to the felony of "Sexual Misconduct Involving a Child - 1st Degree," in violation of Mo. Rev. Stat. §566.083.[1] Resp. Ex. B. On February 7, 2003, Petitioner was conditionally released.

---

[1] Mo. Rev. Stat. § 566.083.1 currently provides:

1. A person commits the crime of sexual misconduct involving a child if the person:
(1) Knowingly exposes his or her genitals to a child less than fourteen years of age under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm to the child;

(2) Knowingly exposes his or her genitals to a child less than fourteen years of age for the purpose of arousing or gratifying the sexual desire of any person, including the

Resp. Ex. G at 2. Petitioner did not file a motion for post-conviction relief pursuant to Rule 24.035 in regard to his guilty plea in Case No. 99CR-2814.

On August 25, 2004, in Case No. 04CR-3077, Petitioner was charged by Indictment as follows: Count I, the Class C felony of Sexual Misconduct Involving a Child in violation of Mo. Rev. Stat. § 566.083, in that on July 21, 2004, in St. Louis County, Petitioner "knowingly exposed his genitals to H.W., a child less than fourteen years of age, and did so for the purpose of arousing the sexual desire of any person," and on April 13, 2000, Petitioner was convicted of sexual misconduct under Mo. Rev. Stat. § 566.083[2]; and Count II, the Class A misdemeanor of Sexual Misconduct Second Degree - Prior Offender, in violation of Mo. Rev. Stat. § 566.093, in that on July 21, 2004, in St. Louis County, Petitioner "exposed his genitals under circumstances in which he knew that such conduct was likely to cause affront or alarm," and Petitioner was previously convicted of sexual misconduct under Mo. Rev. Stat. § 566. Resp. Ex. E, Attachment, Indictment. On May 24, 2005, in Case No. 04CR-3077, Petitioner pled guilty and was sentenced to concurrent terms of four years for Count I and one year for Count II. Resp. Ex. E, Attachment, Sentence and Judgment. Petitioner did not file a motion for post-conviction relief pursuant to Rule 24.035 in Case No. 04CR-3077.

---

child; or

(3) Knowingly coerces or induces a child less than fourteen years of age to expose the child's genitals for the purpose of arousing or gratifying the sexual desire of any person, including the child.

Prior to 2005, § 566.083.1 read: "Knowingly exposes the person's genitals to a child less than fourteen years of age in a manner that would cause a reasonable adult to believe that the conduct is likely to cause affront or alarm to a child less than fourteen years of age."

[2] The Indictment in Case No. 04CR-3077 mistakenly stated that Petitioner was convicted in Case No. 99CR-2814 under Mo. Rev. Stat. § 566.085.

2

On April 16, 2007, Petitioner filed a Rule 91 Petition for Habeas Corpus in the Circuit Court of St. Francis County, Missouri, in which he challenged the constitutionality of the statutes under which he was convicted in both 2000 and 2005 based on the Missouri Supreme Court's decision in State v. Beine, 162 S.W.3d 483 (Mo. 2005) (en banc). Resp. Ex. D; Pet. Ex. 1. The Missouri circuit court denied Petitioner's Rule 91 petition on June 7, 2007. Upon denying his Rule 91 petition, the circuit court noted that Petitioner was at the time serving a four year sentence for his 2005 conviction; that he committed this offense by exposing himself for the purpose of arousing sexual desire; and that to the extent Petitioner was complaining about past sentences which had been completed, his claim was not cognizable pursuant to State habeas procedures. Pet. Ex. 1. The Missouri circuit court further held as follows:

> Petitioner's challenge to his current conviction and sentence is without legal merit. In State v. Beine, 162 S.W.3d 483 (Mo banc 2005) the Missouri Supreme Court overturned subparagraph one of Section 566.083.1 RSMo., which criminalizes indecent exposure that would cause a reasonable adult to believe the conduct was likely to cause affront or alarm. The Court pointed out it was not striking subparagraph two of the statute which prohibits indecent exposure for the purposes of arousing or gratifying sexual desire, the conduct for which Petitioner was convicted. The Court finds that Petitioner is not illegally detained and IT IS THUS ORDERED that Petitioner's Petition for Writ of Habeas Corpus is denied.

Pet. Ex. 1.

Petitioner subsequently filed a Rule 91 petition for habeas corpus with the Missouri appellate court raising the issue which he raised before the State circuit court. Pet. Ex. 1; Resp. Ex. D. The Missouri appellate court denied the Rule 91 petition, without explanation, on July 3, 2007. Pet. Ex. 2; Resp. Ex. E. On December 28, 2007, Petitioner filed a Rule 91 petition with the Missouri Supreme Court which the court denied, without explanation, on January 22, 2008. Resp. Ex. F.

3

Petitioner filed his § 2254 Petition on May 13, 2008, in which he states that he is raising "the same issues [which] were raised through all the lower courts proceedings." Petitioner further states that this court should "refer to the Mo. S. Ct. original filing" for these issues.[3] Doc. 1 at 6.

On July 21, 2008, Petitioner was discharged from custody for his 2005 conviction. Ex. C at 1-3.

## II.
## COGNIZABILITY

At the time Petitioner filed his § 2254 Petition he was not in custody for his 2000 conviction although he was in custody for his 2005 conviction. Respondent contends that to the extent Petitioner was not in custody for his 2000 conviction at the time he filed his § 2254 Petition his Petition is not cognizable pursuant to § 2254. Petitioner refutes this assertion.

As stated by the Eighth Circuit in Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988), "[t]he writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." Where a state prisoner is no longer in state custody because he has completed serving his state sentence, a petition filed pursuant to 28 U.S.C. § 2254 should be dismissed for lack of jurisdiction. Maleng v. Cook, 490 U.S. 488, 490-92 (1989); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1985).

---

[3] Section 2254 requires that the petition "shall specify all the grounds for relief which are available to the petitioner." See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (holding that a habeas petition must specify the grounds upon which relief is sought). In Adams, 897 F.2d at 333, the court held that where the habeas petitioner generally referenced transcripts, case records, and briefs on appeal that he "patently" fail[ed] to comply" with the specificity requirements of § 2254. Thus, Petitioner in the matter under consideration has not complied with the specificity requirement of § 2254. Nonetheless, in the interest of justice, the court will not recommend that Petitioner's § 2254 Petition be dismissed on the basis of failure to comply with the specificity requirement.

4

Moreover, a federal court lacks jurisdiction over a habeas petitioner's challenge to his conviction for which he is no longer incarcerated, despite the use of that conviction to enhance the sentence which the petitioner was currently serving.[4] Flittie v. Solem, 867 F.2d 1053, 1055 (8th Cir. 1988). See also Maleng, 490 U.S. at 492 ("The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not."). The effect of a prior conviction to enhance a sentence is a collateral consequence which does "not give rise to jurisdiction to grant habeas relief." Flittie, 867 F.2d at1055 (quoting Cotton v. Mabry, 674 F.2d 701, 703 (8th Cir. 1982)). See also Maleng, 490 U.S. at 492 ("Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of habeas attack on it."); Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995) ("Where the allegedly illegal punishment does not produce any collateral consequences independent of the underlying conviction, the case will be mooted by physical release.") (citing Lane v. Williams, 455 U.S. 624, 632-33 (1982)).[5]

In Petitioner's case he was discharged in Case No. 99CR-2814 on November 4, 2004. Resp. Ex. G at 2. While Petitioner's conviction in Case No. 99CR-2814 was used to enhance his sentence

---

[4] The Supreme Court acknowledged in Maleng, 490 U.S. at 491, that there are situations where a prisoner is not "physically confined" but he may challenge his sentence. For example, a prisoner who is "placed on parole [is] still 'in custody' under his unexpired sentence" when parole is explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities." Id. (citations omitted).

[5] An example of a collateral consequence which avoids mootness of a habeas action is a situation where a "successful habeas petition is a prerequisite to a section 1983 claim that hinges on a finding that the conviction was illegal." Leonard, 55 F.3d at 373.

in Case No. 04CR-3077, Petitioner had completed his sentence in Case No. 99CR-2814 by the date he filed his § 2254 Petition. As such, to the extent Petitioner challenges the constitutionality of his 2000 conviction in his § 2254 Petition, this court does not have jurisdiction. See Maleng, 490 U.S. at 490-92; Leonard, 55 F.3d at 373; Flittie, 867 F.2d at 1055.

Petitioner was in custody for his 2005 conviction at the time he filed his § 2254 Petition, although he is no longer in custody. As the "in custody" requirement of the federal habeas statute is satisfied where a petitioner was in custody at the time he filed his petition, the court has jurisdiction over Petitioner's claim that his 2005 conviction violates the Constitution. See Lopez v. Heinauer, 332 F.3d 507, 510 (8th Cir. 2003); Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991). In conclusion, the court finds that, to the extent Petitioner challenges his 2000 conviction, his claim is not cognizable pursuant to § 2254 and that, to the extent he challenges his 2005 conviction, his claim is cognizable.

## III.
## EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS LEGAL FRAMEWORK

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal

6

constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994).

It has been held that "novel circumstances and arguments" may constitute cause to excuse procedural default. McKinnon v. Lockhart, 921 F.2d 830, 833-34 (8th Cir. 1990). "[T]he Supreme Court [has] recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." Id. at 833 (citing Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987)).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice'

7

required to overcome the procedural bar must be a higher standard than the Strickland prejudice required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The limitation period of § 2244(d)(1) runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year period. Peterson

v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). While a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pivotal question arises, therefore, as to when an application for state post-conviction relief is pending. Id.

For a Missouri defendant, a "judgment becomes final for purposes of appeal when the judgment and sentence are entered." State v. Holtze, 250 S.W.3d 745, 746 (Mo. Ct. App. 2008) (citing State v. Welch, 865 S.W.2d 434, 435 (Mo. Ct. App. 1993). An appeal must be filed within ten days thereafter. State ex rel. Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. banc 1979). The same time limit applies to those cases where an appeal is permitted from a guilty plea. State v. Werbin, 597 S.W.2d 663, 664 (Mo. App.1980)." State v. Harris, 863 S.W.2d 699, 700 (Mo. Ct. App. 1993).

When a Missouri prisoner files for transfer to the Missouri Supreme Court "there is no question he [is] entitled to the expiration of the time allotted for filing a petition for a writ of certiorari to the United States Supreme Court." Pierson v. Dormire, 484 F.3d 486, 494 (8th Cir. 2007). The Eighth Circuit has recently held that for Missouri prisoners who do not file for transfer to the Missouri Supreme Court pursuant to Missouri Rules 83.01 and 83.04 "'the expiration of the time for seeking [direct] review' does not include the 90-day period for filing for certiorari" with the United States Supreme Court. Riddle v. Kemna, 523 F3d 850, 855 (8th Cir. 2008). Rather, the statute of limitations commences to run when a Missouri prisoner fails to file, fifteen days after the appellate court's decision, the first motion to transfer to the Missouri Supreme Court. "The AEDPA statute of limitations, however, does not begin then if the alternative trigger, 'conclusion of direct review,' occurs later." Under such circumstances the "conclusion of direct review for purposes of §2244(d)(1)(A)" occurs "when the Missouri Court of Appeals issues its mandate." Id. at 856.

9

Missouri Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to habeas corpus petition and specifically states that it "applies in all particulars not provided for by the foregoing provisions." Where a criminal defendant fails to timely bring a claim pursuant to state appellate or post-conviction procedure, there is authority that an issue unknown or not reasonably discoverable to the inmate during the period in which he could have filed for relief under these procedures can provide the basis for habeas corpus relief under Rule 91. Brown v. Gammon, 947 S.W.2d 437, 440 (Mo. Ct. App. 1997) (citing Merriweather v. Grandison, 904 S.W.2d 485, 489 (Mo. Ct. App.1995); Walls v. Delo, 755 F. Supp. 873, 875 (E.D. Mo.1991)).

Also, under Missouri law "relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." Covey v. Moore, 72 S.W.3d 204, 209 (Mo. Ct. App. 2002) (quoting Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. 2000) (en banc)). In Brown v. State, 66 S.W.3d 721, 726 (Mo. 2002) (en banc), the Missouri Supreme Court adopted the "cause and prejudice" standard for determining when a habeas petition is procedurally barred. Covey, 72 S.W.3d at 210. The Missouri Supreme Court stated in Brown, 66 S.W.3d at 723, that "habeas corpus . . . provides the proper avenue for relief in those limited circumstances in which the petitioner asserts a claim that is of the type" which is properly raised through post-conviction relief proceedings, but that is time-barred under applicable rules, "if the petitioner can meet the 'cause and prejudice' standard set out in State ex rel. Nixon v. Jaynes, [63 S.W.3d 210 (Mo. 2001) (en banc)]." See also Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996) ("[A] Rule 91 petition 'may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.'") (quoting State ex rel. Simmons v. White, 866 S.W.2d 443, 446 (Mo. 1993) (en banc) (emphasis in original). Thus, a

10

Missouri defendant who fails to file a direct appeal or a State post-conviction relief motion procedurally defaults claims that his conviction and/or sentence were in violation of the Constitution. See Simmons, 866 S.W.2d at 446 ("This state has established a procedural system that provides a timely review of criminal convictions. It allows for direct appeal and for post-conviction review of certain constitutional protections pursuant to Rules 29.15 and 24.035. ... [H]abeas corpus, however, was [not] designed for duplicative and unending challenges to the finality of a judgment.").

Also, "newly discovered evidence can be basis for Rule 91 petition." Preston, 100 F3d at 600 (citing Wilson v. State, 813 S.W.2d 833, 834-35 (Mo.1991) (en banc)).

Where a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing a state petition for writ of habeas corpus which state petition is filed improperly pursuant to Missouri law. Preston, 100 F.3d at 600.

## IV.
## PROCEDURAL DEFAULT and TIMELINESS ANALYSIS

Respondent contends that Petitioner has procedurally defaulted the issue which he raises in his § 2254 Petition and that the Petition is untimely. Petitioner refutes these allegations.

First, Petitioner's April 2000 and May 2005 convictions became final at the expiration of time for filing a direct appeal. In particular, Petitioner was sentenced on April 13, 2000, in Case No. 99CR-2814 and on May 24, 2005, in Case No. 04CR-3077. As Petitioner did not file a Rule 24.035 motion in either case nor did he file for direct review, the judgment against him in each case became final ten days after he was sentenced. See Werbin, 597 S.W.2d at 664. Petitioner did not file his §2254 Petition until May 13, 2008. As such, Petitioner's § 2254 Petition was filed well in excess of one year after the judgments against him became final. See Harris, 863 S.W.2d at 700. Even if, arguendo, the 1-year statute of limitations applicable to § 2254 Petitions was tolled upon Petitioner's

11

filing of a Rule 91 habeas petition, more than one year had passed between the finality of Petitioner's convictions and April 16, 2007, the date he filed his first Rule 91 petition. As such, the court finds that Petitioner's §2254 Petition is untimely by any calculation.

To the extent that Petitioner suggests that the unconstitutionality of the statute under which he was convicted should equitably toll the 1-year statute of limitations, Petitioner has failed to establish that he diligently pursued his rights under State procedure as he never filed a Rule 24.035 petition and as he did not file his first Rule 91 petition until April 2007. Further, Petitioner has not suggested that "some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (holding that to equitably toll the 1-year statute a habeas petitioner must show that: (1) the petitioner diligently pursued his rights and (2) "some extraordinary circumstances stood in his way"). Indeed, Petitioner pled guilty and was sentenced on May 24, 2005, and Beine was decided on May 31, 2005. Under such circumstances Petitioner could have alleged, based on Beine, the unconstitutionality of his conviction and sentence pursuant to timely filed Rule 24.035 post-conviction relief motion. See Rule 24.035(b). Additionally, Petitioner could have raised the same issue that was raised in Beine without citing that case as authority. See Reed v. Ross, 468 U.S. 1, 16 (1984) (holding that procedural default is excused only where a constitutional claim is so novel that its legal basis was not reasonably available). The court finds, therefore, that equitable tolling is not applicable.

In regard to procedural default, Petitioner did not challenge the constitutionality of his conviction and sentence pursuant to Rule 24.035 which Rule provides a means to do so. Rule 24.035 specifically provides that it should be invoked by a person "convicted of a felony on a plea of guilty ... who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States." Because Petitioner failed to raise the issue which he raises

before this court pursuant to proper State procedure, the court finds that Petitioner has procedurally defaulted the issue which he raises in his § 2254 Petition. See Sweet, 125 F.3d at 1149-50. Additionally, Petitioner has not suggested grounds to excuse his procedural default. See Dretke, 541 U.S. at 388-89.

Moreover, Petitioner's Rule 91 Petitions were not properly filed pursuant to State law. As stated above, a Rule 91 petition may be used to challenge a final judgment only to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results. See Preston v. Delo. 100 F.3d 596, 600 (8th Cir. 1996). Neither exception applies in Petitioner's case. See also Daniels v. Jones, 944 F.2d 429, 430 (8th Cir. 1991). The Missouri circuit court denied Petitioner's Rule 91 petition in regard to his 2000 conviction on procedural grounds. Indeed, the Missouri circuit court addressed on its merits Petitioner's argument that his 2005 conviction was unconstitutional. The Eighth Circuit holds that a procedurally defaulted claim may not be resurrected where a state court fails to address a claim on its merits in a Rule 91 petition. Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994). The court has found no authority, however, that a previously defaulted claim is resurrected by a State court's considering a Rule 91 motion on its merits where, as in the matter under consideration, the Rule 91 petition was filed after the 1-year statute of § 2254 had expired and where the issue addressed by the State court could have been raised in a timely filed Rule 24.035 motion. As such, the court finds that Petitioner's § 2254 Petition is untimely; that he has not stated grounds to equitably toll the statute of limitations; that he has procedurally defaulted the issue which he raises in his § 2254 Petition; and that he has not stated grounds to excuse his procedural default.

## V.
## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254 a federal court is limited to deciding whether decisions of state courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). "'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" Evenstad v. Carlson, 470 F.3d 777, 782-83 (8th Cir. 2006) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. Id. at 283 (citing Buchheit v. Norris, 459 F.3d 849, 853 (8th Cir. 2006); Owsley v. Bowersox, 234 F.3d 1055, 1057 (8th Cir. 2000)).

In Williams, 529 U.S. 362, the United States Supreme Court set forth the requirements for federal courts to grant writs of habeas corpus to state prisoners under § 2254. The Court held that the writ of habeas corpus may issue only if the state-court adjudication resulted in a decision that:

> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. 412-13.

14

Williams further holds that the writ will not issue merely because the federal court concludes that the relevant state-court decision erroneously or incorrectly applied clearly established federal law. See id. at 411. "'Rather [the] application [by the state-court] must also be unreasonable.'" Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (quoting Williams, 529 U.S. at 411). Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001). The state court's factual determinations "must be rebutted by clear and convincing evidence." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001).

## VI.
## MERITS

The court has found above that Petitioner's § 2254 Petition is untimely; that he has procedurally defaulted the issue which he raises in his § 2254 Petition; and that, to the extent Petitioner alleges a constitutional violation in regard to his 2000 conviction, his § 2254 Petition is not cognizable. Petitioner alleges in his § 2254 Petition that Mo. Rev. Stat. § 566.083 is unconstitutional. The court will, alternatively, consider the merits of Petitioner's claim in regard to his 2005 conviction. The court has set forth above, the finding of the Missouri circuit court upon addressing Petitioner's challenge to his convictions in a Rule 91 petition.

Pursuant to Williams, 529 U.S. at 412-13, the court will consider federal law applicable to Petitioner's claim. Upon addressing an argument that a state statute is unconstitutional, the Eighth Circuit holds that "[t]he only possible redress" is for a habeas petitioner to establish that the challenged statute is unconstitutionally vague in that it does "not provide fair notice to persons

15

potentially subject to it." Poole v. Wood, 45 F.3d 246, 249 (8th Cir. 1995) (citing Colten v. Kentucky, 407 U.S. 104 (1972)).[6]

Petitioner in the matter under consideration was convicted under Mo. Rev. Stat. §566.083.1(2). He cites no reason to find Mo. Rev. Stat. § 566.083.1(2) unconstitutional other than the Missouri Supreme Court's decision in Beine. As explained by the Missouri circuit court upon considering Petitioner's Rule 91 petition, the Missouri Supreme Court in Beine limited its holding of unconstitutionality to Subsection (1) of Mo. Rev. Stat. §566.083.1(1)[7] and specifically stated that it was not striking Subsection (2). Because Petitioner was convicted for conduct prohibited by Subsection (2) of that statute, the Missouri circuit court found Beine was not applicable and that Petitioner was not convicted pursuant to an unconstitutional statute.

Indeed, Count I of the Indictment, pursuant to which Petitioner was charged with Sexual Misconduct Involving a Child, did not identify a subsection of Mo. Rev. Stat. §566.083 although it identified this statute. Count I described Petitioner's conduct as indecent exposure in that Petitioner exposed his genitals to H.W., who was less than fourteen, for the purpose of arousing sexual desire. Such conduct is proscribed by Subsection (2) of Mo. Rev. Stat. §566.083.1. Petitioner plead guilty to Count I and, therefore, admitted that his conduct came within Subsection (2) of Mo. Rev. Stat.

---

[6] The court notes that a defendant does not waive a claim that a statute is unconstitutional by pleading guilty as such a claim is jurisdictional. See Marzano v. Kincheloe, 915 F.2d 549 (9th Cir. 1990).

[7] As stated above in Note 1, at the time of the Beine decision and at the time Petitioner was charged and pled guilty § 566.083.1(1) made it unlawful to "[k]nowingly exposes the person's genitals to a child less than fourteen years of age in a manner that would cause a reasonable adult to believe that the conduct is likely to cause affront or alarm to a child less than fourteen years of age." In 2005, Subsection (1) of § 566.083.1(1) was amended.

The defendant's conduct in Beine was not punishable under subsection (2) or (3) as he knowingly exposed his genitals in a men's restroom where he "stood at a distance from the urinal and urinated in an arc in the presence of boys."162 S.W.3d at 485.

§566.083.1(2).[8] Thus, it cannot be said, as stated by the Missouri circuit court, that Beine, 162 S.W.3d 483, is applicable to Petitioner. Also, other than his reference to Beine, Petitioner does not suggest that Mo. Rev. Stat. §566.083.1(2) is unconstitutionally vague. See Poole, 45 F.3d at 249.

As such, the court finds, alternatively, that the Missouri circuit court's decision regarding the constitutionality of the statute under which Petitioner was convicted in 2005 is not contrary to federal law and that it is a reasonable application of federal law. See Williams, 529 U.S. at 412-13; Poole, 45 F.3d at 249. Additionally, the Missouri circuit court reasonably applied federal law to the facts of Petitioner's case. See 28 U.S.C. § 2254(d)92). The court finds, therefore, in the alternative, that the issue which Petitioner raises in regard to his 2005 conviction is without merit and that habeas relief on its basis should be denied.

## VII.
## CONCLUSION

For the reasons stated above, the court finds that Petitioner's §2254 Petition is untimely; that, alternatively, to the extent that Petitioner challenges the constitutionality of his 2000 conviction and sentence, Petitioner's claim is not cognizable pursuant to § 2254; that, alternatively, he has procedurally defaulted the issue raised in his § 2254 Petition; and that, alternatively, the issue raised by Petitioner in his § 2254 Petition in regard to Petitioner's 2005 conviction is without merit. As such, Petitioner's §2254 petition for habeas relief should be denied in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

---

[8] The only change in Subsection 2 of Mo. Rev. Stat. § 566.083 made by the 2005 amendment to Mo. Rev. Stat. § 566.083(1) was that "his or her" was substituted for "the person's."

17

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**; Doc. 1.

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of November, 2008.